QUESTION:
May a municipality bargain and negotiate with its employees to provide and pay out of municipal funds all or part of the premiums for health and hospitalization insurance for its employees' dependents?
SUMMARY:
The City of Hialeah may bargain and negotiate with its employees to provide and pay out of municipal funds all or part of the premiums for health and hospitalization insurance for its employees' dependents.
In AGO 077-71, this office concluded that the City of Hialeah, pursuant to the Municipal Home Rule Powers Act, Ch. 166, F. S., has the authority to provide and pay out of municipal funds all or part of the premiums for health and hospitalization insurance for its officers and dependents. Since it appears that the city possesses the authority to provide such health and hospitalization insurance, it follows that it has the authority to collectively bargain for, and to agree to provide, such benefits for its employees under part II of Ch. 447, F. S. Section 112.08, F. S. (1976 Supp.), has no adverse effect upon any such collective bargaining agreement or contract.
Part II of Chapter 447, the Collective Bargaining Act, provides for the labor organization of public employees. In particular, s. 477.309 provides for collective bargaining in determining wages, hours, and the terms and conditions of employment for public employees. The act does not provide a definitive answer as to what constitutes a proper subject for collective bargaining; rather it simply states that a proper subject for such agreements would include all items dealing with the terms and conditions of employment as well as a determination concerning wages and terms. It appears, therefore, that matters included in a collectively bargained agreement can be all encompassing and may in fact touch almost every element and facet of the relationship between public employer and employee when authorized by law.
Therefore, it appears that the city has the authority to collectively bargain for and to agree to provide for such benefits for its employees under part II of Ch. 447, F. S., as part II of Ch. 447 does not expressly prohibit or preempt the above action taken by the city. Cf. AGO 076-212. Nor does it appear that s.112.08, F. S. (1976 Supp.), would have any adverse effect upon any such collective bargaining agreement or contract. The charter for the City of Hialeah is silent with regard to an employee group insurance program, although the charter does provide for a pension plan for city employees. See ss. 6(40) and 107 of the Hialeah City Charter. In addition, no provision of the Dade County Charter with regard to a municipality's group insurance program which would supersede or preempt the city's authority to provide such insurance has been brought to my attention.
Accordingly, based on the foregoing, I am of the view that the City of Hialeah may bargain and negotiate with its employees to provide all or part of the premiums for health and hospitalization insurance for its employees' dependents.
Prepared by: Staff